IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARRY SWIGER,**

    **Petitioner**

**v.**           //       **CIVIL ACTION NO. 1:04CV103**
                         **CRIMINAL ACTION NO. 1:06CR11**
                              (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 26, 2004, pro se petitioner Harry Swiger ("Swiger") filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On February July 11, 2005, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending the case be dismissed with prejudice as untimely.

The Magistrate Judge noted that, in 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted and established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1] The one-year

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

limitation period provided shall run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In Clay v. United States, 537 U.S. 522 (2003), the court determined that if the petitioner pursued direct appellate review but did not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. In Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), the Fourth Circuit held that a prisoner has ninety days to seek review after the court of appeals enters the judgment.

Here, the Court entered Swiger's Judgment and Commitment Order on May 13, 1997. On January 21, 1999, the Fourth Circuit Court of

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Appeals upheld Swiger's conviction. Swiger did not file a petition for writ of certiorari. Thus, because his conviction became final on April 21, 2000, the date the time for filing a petition for writ of certiorari expired, Swiger had until April 21, 2001 to file a §2255 motion. Swiger filed his motion until May 26, 2004.

However, the AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

On June 1, 2004, the Magistrate Judge ordered Swiger to respond to a notice pursuant to Hill v. Braxton, 277 F.3d 701, 707, (4th Cir. 2002) and provide proof that his motion was timely. Swiger responded on June 17, 2004 and argued that the statute of limitations should be equitably tolled because, even though he was

convicted in federal court in May 1997, he was incarcerated in a state facility until March 27, 2003, for a state conviction and "had no access whatsoever to any Federal Law Material" with which to file a 2255 motion." He further argued that he did not receive the transcripts from his case until "Late June 2003" and " that his claim in his §2255 motion is of Actual Innocence."

In United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004), the Fourth Circuit held that a petitioner's pro se status and ignorance of the law does not justify equitable tolling. Furthermore, the alleged inadequacy of the law library does not toll the statute of limitations. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)( Mere allegations that the law library was inadequate do not toll the statute of limitations.) See also Lewis v. Casey, 518 U.S. 343, 351 (1996)(because inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's law library or legal assistance program.) But see Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam)( a lack of access to AEDPA materials could be the basis of equitable tolling).

Moreover, the Magistrate Judge determined that, even if the alleged inadequacy of the law library at the state penitentiary would support equitable tolling, the §2255 motion is still untimely. Swiger was housed at FCI-Cumberland beginning March 27, 2003 and failed to file his habeas petition until May 26, 2004, more than one year after he was transferred to a federal facility.

Swiger also argues that the Court should find that his filing was timely because he did not obtain his transcripts until "Late June 2003." In <u>Little v. United States</u>, 184 F.Supp.2d 489, 493 (E.D.Va.2002), the court found that a prisoner's difficulty in obtaining transcripts is not an extraordinary circumstance which justifies equitable tolling because "a prisoner is not entitled to transcripts for the purpose of preparing a § 2255 motion, *see* 28 U.S.C. § 753(f)."

The Magistrate Judge also found that Swiger's unsupported allegation of actual innocence does not toll the statute of limitations. Therefore, the Magistrate Judge determined that Swiger's §2255 motion was untimely and that there were no grounds for equitably tolling the statute of limitations.

Accordingly, the Magistrate Judge recommended that Swiger's § 2255 petition be **DENIED** and **DISMISSED** from the docket of the Court.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The R&R instructed that:

> Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.

It also specifically warned that failure to object to the Report and Recommendation would result in the waiver of any appellate rights on this issue.[2]

The docket sheet in this matter reflects that the United States Postal Service returned the mailing containing the Report and Recommendation to the Clerk of Court marked undeliverable on July 14, 2005.

On May 26, 2004, the Clerk of the Court mailed a "Notice of General Guidelines for Appearing Pro Se in Federal Court" to the petitioner. On page one of the guidelines, the Clerk of the Court directs that:

> **Current Address**: Keep the Court and opposing counsel, if any, advised of your most current address **at all times**. Failure to do so may result in your action being dismissed without prejudice

---

[2] Swiger's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

SWIGER V. USA                                                    1:04CV103
                                                                 1:06CR11

## ORDER ADOPTING REPORT AND RECOMMENDATION

As of this date, Swiger has failed to provide a current address to the Court.

Accordingly, due to Swiger's failure to provide a current address to the Court, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** this case **DISMISSED WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record.

Dated: January 8, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE